FIRST NATIONAL BANK OF ROME, RESPONDENT, *v.* GEORGE F. WILSON, IMPLEADED, ETC., APPELLANT.

*Supplementary proceedings — Code,* § 292.

In order to authorize the making of an order before execution returned requiring a judgment debtor, who has property which he unjustly refuses to apply to the payment of the judgment, to appear and be examined, it should be shown that a demand has been made upon the debtor to apply his property to the satisfaction of the judgment, and has been refused by him.

APPEAL from an order of the Special Term in Oneida county denying a motion to set aside an order in supplementary proceedings, granted by the county judge of Oneida county.

The order of the county judge was made under the second subdivision of section 292 of the Code. It recited that proof had been made to the judge, by affidavit, of the recovery of judgment, and issuing of an execution, not returned, and also recited that it appeared satisfactorily to the judge that the debtor (the appellant) "has property and rights in action consisting of mortgages and other choses in action, which are not subject to levy and sale on execution, which he unjustly refuses to apply toward the satisfaction of said judgment, as stated and set forth in said affidavit." The order required the debtor to appear before the judge and answer concerning his property, and forbade him to transfer his property, etc.

*K. Carroll,* for the appellant.

*John S. Baker,* for the respondent.

SMITH, J.:

The principal point made by the appellant's counsel is, that the affidavit presented to the county judge was not sufficient to give him jurisdiction, inasmuch as it did not state that a demand had been made of the debtor to apply this property to the satisfaction of the judgment. The language of the affidavit, on that subject, is a transcript of the statute. It states a conclusion merely, and not

facts. We are of the opinion that in proceedings under this statute, the proof made on the application for the order, should show facts and circumstances, in order that the judge may decide whether there has been an unjust refusal, although, doubtless, the practice has been otherwise, to a large extent. The defect, however, is not jurisdictional. The averment, in the language of the statute, is enough to give jurisdiction. The defect is an irregularity which may be waived or amended. In this case it was amended by the affidavits read on the part of the respondent in opposition to the motion. Those affidavits allege a demand and refusal. That, we think, is enough, in view of the liberal construction required to be given to the provisions of the Code. (§ 467.)

The point is made that a copy of the affidavit was not served with the order. The Code does not require a copy to be served. An affidavit need not be made. The proof may be by affidavit, or otherwise. (Code, § 292.)

The order should be affirmed, with ten dollars costs and disbursements.

MULLIN, P. J., and TALCOTT, J., concurred.

Order affirmed, with costs, etc.